ALD-220                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4628
_____

RAYMOND EDWARD CHESTNUT,
Appellant

v.

WARDEN J. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-01403)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 13, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Raymond Chestnut appeals the District Court's dismissal of his

habeas petition filed pursuant to 28 U.S.C. § 2241.  Because the appeal fails to present a

1

substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Chestnut, a federal prisoner, is currently serving a sentence imposed by the United States District Court for the District of South Carolina for convictions of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the possession, use, or carrying of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Chestnut withdrew his direct appeal to the Fourth Circuit Court of Appeals. As the District Court noted in detail, Chestnut has since repeatedly sought to attack his conviction, including filing three motions to vacate his sentence pursuant to 28 U.S.C. § 2255, and three applications to the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. §§ 2244(b)(3), 2255(h), each of which was denied.

Chestnut filed the instant § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the jurisdiction in which he is confined, challenging his convictions on the grounds that he is actually innocent because there was insufficient evidence to support his guilty plea. The District Court dismissed the petition for lack of jurisdiction, and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Generally, the execution or carrying out of an initially valid confinement is the

2

purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence must be asserted under § 2255. See United States v. Hayman, 342 U.S. 205, 213-14 (1952). Chestnut clearly seeks to attack the validity of his sentence, not its execution. Chestnut may not pursue a collateral attack on his sentence by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It is clear that, under this "safety valve" provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's stringent gatekeeping requirements does not render § 2255 inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the exception is narrow, limited to extraordinary circumstances such as where the petitioner "had no earlier opportunity" to present his claims and has been convicted for conduct which is no longer deemed criminal. Id.

This is clearly not a situation in which Chestnut "had no earlier opportunity to challenge his conviction." Id. Chestnut reasons that he should be allowed to seek relief under § 2241 "saving[s] clause" because the Supreme Court "made a substantial change of law" in Bailey v. United States, 516 U.S. 137 (1995), rendering his conduct non-criminal. In Bailey, the Court held that § 924(c)(1)'s ban on the "use" of a firearm did not reach "mere possession" of a weapon. Id. at 143. Bailey was decided *before* Chestnut was convicted, however, and he therefore had the opportunity to present these claims either on direct appeal or in a motion to vacate; the fact that his initial § 2255 motion was dismissed as untimely does not render that remedy ineffective. See Cradle v.

3

United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251-52) (§ 2255's savings clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements").

Accordingly, because no "substantial question" is presented as to the dismissal of the § 2241 petition, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.